IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ted A. Poplawski,

        Plaintiff,

v.

Commissioner of Internal Revenue Service, et al.

        Defendants.

Case No. 2:12-cv-1096

Judge Graham

Magistrate Judge King

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by defendant the United States of America.[1] The plaintiff, Ted A. Poplawski, asserts a number of claims arising under I.R.C. § 7433 which grants a cause of action against the United States if "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title . . . ." I.R.C. § 7433(a). Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim on which relief may be granted.

I.    **Standards of Review**

a. 12(b)(1)

Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir.2004); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990).

---

[1] The United States claims that it is the true defendant to this suit and that it has been improperly named as "Commissioner of Internal Revenue Service, et al." Doc. 11 at 1.

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir.1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Ritchie, 15 F.3d at 598; Moir, 895 F.2d at 269.

b. 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic

recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").  The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56.  This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

II.     Analysis

    a. Subject matter jurisdiction

The government makes a single argument that this Court lacks subject matter jurisdiction. The government argues that § 7433 requires a plaintiff to exhaust administrative remedies prior to bringing suit in a district court. "If the taxpayer has not exhausted those administrative remedies, then the taxpayer has failed to comply with a mandatory requirement of the United States' waiver of its sovereign immunity and this Court may not consider an action for damages. Abraitis v. United States, [709] F.3d [641] (6th Cir. 2013), citing Hoogerheide v. I.R.S., 637 F.3d 634, 637 (6th Cir. 2011)." This argument runs directly against the clear holding of the very cases cited by the Government to support it. Section 7433(d) does include an administrative exhaustion requirement, but in Hoogerheide, the Sixth Circuit held that the requirement was not jurisdictional. "What is mandatory is not necessarily jurisdictional. The requirement simply imposes a precondition on an award of damages, akin to other nonjurisdictional preconditions on a plaintiff's right to relief." 637 F.3d at 637. Abraitis, the other case cited by the government, *did* hold that an exhaustion requirement was jurisdictional. However, that case dealt with different language in a different statute, and it explicitly distinguished the language of § 7433 from the exhaustion requirement it considered. "One aspect of § 7429's exhaustion requirement, however, makes it 'more difficult' to classify than § 7433(d). . . . Unlike that provision, § 7429 links its exhaustion requirement to the United States' consent to suit, implicating a waiver of sovereign immunity." 709 F.3d at 641.

b. Sufficiency of the claims

Though exhaustion of administrative under § 7433 remedies is not jurisdictional, it remains a requirement of such a claim. The government argues that "Plaintiff does not allege that he filed an administrative claim in the manner required by § 7433(d)(1) and the regulations." Doc. 11 at 5. This claim is difficult to square with plaintiff's allegation that "plaintiff has exhausted all available

4

administrative remedies, including the filing of an Administrative Claim on May 17, 2011, as required by IRC Sec. 7433." Doc. 2 at 3. The allegation does not specifically allege that plaintiff followed each of the mandatory and detailed requirements of the treasury regulations. See Hoogerheide, 637 F.3d at 639. But he does allege that he followed the statute, which explicitly incorporates those regulations. Without providing support for the assertion, the government seems to argue that in this context, a plaintiff must allege with specificity facts including how he addressed his administrative claim. Without any requirement of pleading with specificity, it is sufficient that a complaint comply with Rule 8(a)(2) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's claim that he has exhausted his administrative remedies as required by Section 7433 is sufficient.

The government also argues that plaintiff's complaint fails to state a claim because it alleges no facts that would support the idea that "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title," as required by Section 7433(a). See doc. 11 at 6. However, plaintiff alleges, among other things, that "[t]he Commissioner, along with IRS agents Maureen Green, Dennis Parizek, and Larry Everson have committed multiple violations of IRC Sec. 7214(2), 7214(3), and 7214(7)." Doc. 2 at 3. These subsections prohibit an agent from demanding sums not authorized by law, intentionally failing to perform duties of the employee's office, and making or signing a "fraudulent entry." The complaint also alleges that illegal liens have been placed on plaintiff's property, that $3536.00 has been "taken through illegal levy," and that $5500.00 has been "illegally taken by withholding." Doc. 2 at 4. Though the precise contours of the claims in this pro se complaint are not clear, "[s]pecific facts are not necessary." Erickson, 551 U.S. at 93. It is

5

sufficient that the factual allegations are enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56.

### III.     Conclusion

Based on the foregoing reasons, the government's motion to dismiss (doc. 11) is DENIED. Though the Court here has denied the government's motion to dismiss, it is yet unclear as to whether plaintiff *has* exhausted his administrative remedies. In its discretion, the Court will structure this litigation to address that question first, prior to any subsequent focus on plaintiff's substantive claims. The parties are to conduct any discovery and file any dispositive motions relevant to whether plaintiff has exhausted his administrative remedies prior to any discovery or motions practice related to plaintiff's substantive claims. A subsequent order will provide dates by which the parties must complete initial discovery and file dispositive motions on the administrative exhaustion question.

IT IS SO ORDERED.

S/ James L  Graham
James L. Graham
UNITED STATES DISTRICT JUDGE

Date: July 29, 2013