**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Ted Poplawski,**

        **Plaintiff,**

  **v.**

**United States of America,**

        **Defendant.**

**Case No. 2:12-cv-1096**

**Judge Graham**

**Magistrate Judge King**

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Defendant's Motion for Summary Judgment (doc. 28) filed on November 15, 2013. For the reasons that follow, the Court will grant the Defendant's Motion.

### I.      Background

From 1998 through the present, the Plaintiff, Ted Poplawski, worked at a variety of jobs for which he received compensation in the form of wages.[1] Pl.'s Answer to Interrogatories at 1, doc. 28-2. The Plaintiff did not pay any income taxes from 1998 through 2012. Nor did he file "any 1040 forms, or any other income tax forms related to Subtitle A" of the Tax Code during that time period.[2] Id. In the Plaintiff's view, wages are not taxable income, id. at 1–2, and therefore, he "had no tax liability" from 1998 through 2012, id. at 2.

Based on his failure to pay income taxes during that time period, the IRS filed a tax lien against the Plaintiff's property for unpaid income taxes in 2002. Administrative Claim at 1, doc.

---

[1] The Plaintiff received unemployment benefits for a short period of time in 2007 and 2008. Pl.'s Answer to Interrogatories at 2.

[2] From 1998 through 2012, the Plaintiff did, however, file W-2 forms as required by Subtitle C of the Tax Code. Pl.'s Answer to Interrogatories at 2.

28-3. In February 2010, the Plaintiff received a letter from the Social Security Administration informing him that his benefits were being levied by the IRS. Id. A month later, on March 9, 2010, the Plaintiff received a letter from the IRS notifying him that his wages were being levied. Id.

Contesting the IRS's actions, the Plaintiff filed an administrative claim with the IRS on May 12, 2011. Id. In his administrative claim, the Plaintiff alleged numerous violations of 26 U.S.C. § 7433, which provides for civil damages for certain unauthorized collection actions by the IRS, and sought $274,100.00 in damages. Id. The Plaintiff asserted that the Defendant, through its agents or employees, violated § 6020, § 6201, § 6203, § 6212, § 6330, § 6331, § 7214, and § 7429 of the Internal Revenue Code. Id. at 1–2. His administrative claim was unsuccessful.[3]

On November 28, 2012, the Plaintiff filed his Complaint (doc. 2) against the Defendant[4] alleging multiple violations of 26 U.S.C. § 7433. The Plaintiff alleges that the Defendant, through its officers or employees, recklessly, intentionally, or negligently disregarded multiple provisions of the Internal Revenue Code in its collection of taxes from him. Specifically, the Plaintiff alleges that the Defendant disregarded § 3402, § 6212, § 6320, § 6321, § 6330, § 6331,

---

[3] The IRS did not respond to the Plaintiff's administrative claim within six months of the claim being filed. Pl.'s Answer to Interrogatories at 2. A claimant may file a civil action in federal district court after (1) a decision is rendered on their administrative claim or (2) six months after the date an administrative claim is filed, whichever is earlier. 26 C.F.R. § 301.7433-1(d)(1). "[I]f the [IRS] does not respond on the merits to an administrative claim for damages within six months after the claim is filed, the Internal Revenue Service's failure to respond shall be considered a denial of the claim on the grounds that the [IRS] did not violate section 7433(a)." 26 C.F.R. § 301.7433–1(h).

[4] Although the Plaintiff attempts to sue multiple individual IRS employees, "[s]ection 7433 is an exclusive remedy and bars claims against individual revenue agents." Romp v. United States, 96 F. App'x 978, 980 (6th Cir. 2004) (citing Fishburn v. Brown, 125 F.3d 979, 982-83 (6th Cir. 1997)), abrogated by Hoogerheide v. I.R.S., 637 F.3d 634 (6th Cir. 2011). The United States, rather than individual IRS agents or employees, is the proper defendant in this lawsuit.

and § 7214[5] of the Internal Revenue Code. According to the Plaintiff, the Defendant illegally seized funds from his Social Security benefits account and paychecks and illegally placed tax liens on his property. The Plaintiff seeks monetary damages; cancellation of all liens, levies, and other collection efforts against him; and a declaration that he had no tax liability under the Internal Revenue Code from 1998 to 2012.

After the completion of discovery, the Defendant filed its Motion for Summary Judgment (doc. 28) on November 15, 2013. In its Motion, the Defendant argues that it is entitled to summary judgment because (1) the Plaintiff has failed to exhaust his administrative remedies before filing the instant suit and (2) the Plaintiff cannot provide any evidence that the Defendant or its employees recklessly, intentionally, or negligently disregarded any provision of the Internal Revenue Code in its collection of taxes from him.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary material in the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Longaberger Co. v. Kolt, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. See

---

[5] The Plaintiff's administrative claim and Complaint both allege multiple violations of 26 U.S.C. § 7214. Section 7214 "is a criminal statute." Romp, 96 F. App'x at 980. "A revenue officer or employee convicted of violating § 7214 is subject to a fine of not more than $10,000 and up to five years imprisonment." Id. Section 7214 "creates no private cause of action and is insufficient to sustain a civil claim." Romp v. United States, No. 3:03 CV 7244, 2003 WL 21805993, at *3 (N.D. Ohio July 9, 2003) (citing Purk v. United States, 747 F. Supp. 1243, 1248 (S.D. Ohio 1989)).

Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); see also Longaberger, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008) (quoting Anderson, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Daugherty, 544 F.3d at 702; Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252; see Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009).

**III.     Discussion**

The Defendant requests that summary judgment be entered in its favor on two grounds. First, the Defendant argues that the Plaintiff has failed to exhaust his administrative remedies, a necessary precondition for relief under 26 U.S.C. § 7433. Second, the Defendant argues that the Plaintiff has failed to provide any evidence that IRS employees negligently, recklessly, or intentionally disregarded a provision of the Internal Revenue Code. The Court will address each of these arguments in turn.

A.     *Administrative Remedies*

Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

"A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). See also Hoogerheide v. I.R.S., 637 F.3d 634, 636 (6th Cir. 2011) (holding that, although exhaustion is not a jurisdictional prerequisite under § 7433, it is still mandatory).

Treasury Regulations detail the procedures for filing an administrative claim. See 26 C.F.R. § 301.7433–1(e). A taxpayer's administrative claim "shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer

5

currently resides." 26 C.F.R. § 301.7433–1(e)(1). The claim must include "[t]he name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim." 26 C.F.R. § 301.7433–1(e)(2)(i). Substantively, a claimant must: (1) identify the grounds for the claim in reasonable detail; (2) describe the injuries incurred by the taxpayer; and (3) provide the dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable. 26 C.F.R. § 301.7433–1(e)(2)(ii)-(iv). A claimant must include copies of any available substantiating documentation or evidence. Id. Finally, a claimant or duly authorized representative must sign the administrative claim. 26 C.F.R. § 301.7433–1(e)(2)(v).

"The burden for 'compliance with the statutory regulatory requirements is high.'" Law Offices of Scott E. Combs v. United States, 767 F. Supp. 2d 758, 767 (E.D. Mich. 2011) (quoting Shearin v. United States, No. 07–2269, 2008 WL 2050836, at *2 (E.D. Tenn. Mar. 6, 2008)). The Plaintiff fails to satisfy that burden here. Before the Court is the Plaintiff's administrative claim purportedly filed on May 12, 2011 "to fulfill the administrative requirement prior to seeking legal recourse through the U.S. District Court." Administrative Claim at 1, doc. 28-3.[6] In his claim, the Plaintiff cited numerous provisions of the Internal Revenue Code and challenged the Defendant's 2002 tax lien, February 2010 levy action, and March 2010 withholding action against him. Administrative Claim at 1–2. The Plaintiff identified himself by name and social security number and provided a phone number at which he could be reached. Id. Further, the Plaintiff provided the dollar amount of his claim against the Defendant. Id. at 2.

The Plaintiff's administrative claim suffers from two fatal flaws. First, the Plaintiff has failed to present evidence that his administrative claim was sent to "the Area Director, Attn:

---

[6] The Plaintiff's administrative claim can also be found in the record at doc. 33-3 at 34–35.

Compliance Technical Support Manager of the area in which" he then resided. 26 C.F.R. § 301.7433–1(e)(1). Second, the claim did not include the Plaintiff's then current address, any convenient times to be contacted, or his taxpayer identification number. 26 C.F.R. § 301.7433–1(e)(2)(i).[7] Because of these flaws, the Plaintiff failed to administratively exhaust his damages claim. Cf. Hoogerheide v. I.R.S., 637 F.3d 634, 639 (6th Cir. 2011) (dismissing plaintiff's claims where administrative claims (1) were not addressed to the Area Director, Attn: Compliance Technical Support Manager of the area in which the plaintiff resided; (2) did not provide a dollar amount for his claims; and (3) did not mention a claim for damages against the IRS); Reaser v. United States, 731 F. Supp. 2d 681, 684 (N.D. Ohio 2010) (dismissing plaintiff's claims where administrative claim (1) was not addressed to the correct IRS official; (2) did not include the requisite taxpayer contact information; and (3) did not include the dollar amount of the claim).

The Plaintiff maintains that he has exhausted his administrative remedies, but his arguments are unavailing. According to the Plaintiff, his failure to address his administrative claim to the proper IRS official[8] was inconsequential because "there are no more Area Directors, and all the information available from the IRS (publications 594, and 4235) directs citizens to send an Administrative Claim to the Advisory Group in the area where he resides." Pl.'s Resp. in Opp. at 2, doc. 29. Emphasizing that "[n]one of the information names any specific person to whom the claim must be addressed," the Plaintiff states that he "sent his claim as directed by certified mail to the proper office, and has a signed postal delivery receipt to verify delivery." Id.

---

[7] In addition, the copy of the Plaintiff's administrative claim is unsigned. See Administrative Claim at 2. However, the Plaintiff points to his answer to the Defendant's Interrogatories as evidence that his original administrative claim was, in fact, signed. In his answer to the Defendant's interrogatories, the Plaintiff stated, "to the best of my recollection the claim was dated and signed. I will admit that a remote possibility exists that I may have not signed it, but I am pretty sure I did." Answer to Interrogatories at 3, doc. 27.

[8] The Area Director, Attn: Compliance Technical Support Manager of the area in which the Plaintiff resided at the time he filed his administrative claim.

In support of this argument, the Plaintiff submits excerpts from IRS Publications 594 and 4235 purportedly showing that "there are no more Area Directors" and that strict compliance with § 301.7433–1(e)(1) was therefore impossible. Pl.'s Resp. in Opp. at 5–6. These exhibits do not demonstrate that Area Directors no longer exist and that therefore the Plaintiff was excused from complying with § 301.7433–1(e)(1). Rather, these exhibits presumably provide the address at which the Plaintiff should have mailed his administrative claim to the Area Director, Attn: Compliance Technical Support Manager.[9] The Plaintiff has not presented evidence demonstrating that he complied with § 301.7433–1(e)(1), and, therefore, summary judgment in favor of the Defendant is appropriate.

With respect to his failure to include his address with his administrative claim, the Plaintiff acknowledges that "a return address did not appear on the Administrative Claim that was filed by the Plaintiff," but insists that "a return address was provided on the outside of the envelope, on the certified mail delivery receipt, and plaintiff's current address is readily available on IRS files." Pl.'s Resp. in Opp. at 4. However, he identifies no evidence to support this assertion.

Further, the Plaintiff effectively concedes that he failed to specify a convenient time for the IRS to contact him in his administrative claim. In defense of this omission, the Plaintiff recognizes that he "did not specify convenient times to call," but argues that it was insignificant because he provided his phone number in the administrative claim and "the IRS could have called anytime." Id.

---

[9] Moreover, a failure to file an administrative claim in the manner required by the Treasury Regulations is considered a failure to exhaust even if the IRS publications failed to inform the Plaintiff of the proper procedure. Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994) (citing Amwest Sur. Ins. Co. v. United States, 28 F.3d 690, 696 (7th Cir. 1994)).

Finally, the Plaintiff does not present any evidence demonstrating that he provided his taxpayer identification number with his administrative claim.

Therefore, the Plaintiff has failed to present evidence establishing a genuine issue of material fact related to his exhaustion of administrative remedies, and the Court will grant the Defendant's Motion for Summary Judgment.

B.    *26 U.S.C. § 7433*

Second, assuming *arguendo* that the Plaintiff exhausted his administrative remedies, the Defendant contends that there is no evidence that IRS employees negligently, recklessly, or intentionally disregarded a provision under the Internal Revenue Code in connection with the collection of federal taxes with respect to the Plaintiff. The Defendant emphasizes that the Plaintiff was obligated to pay income taxes on his wages earned between 1998 and 2012. In the Defendant's view, when the Plaintiff failed to pay these taxes, the IRS and its employees appropriately collected taxes from the Plaintiff through liens, levies, and withholding pursuant to the appropriate provisions of the Internal Revenue Code.[10]

In his Response and Amended Response, the Plaintiff maintains that the Defendant and its employees have violated the Internal Revenue Code:

> Since the IRS has attempted to impose a liability on Plaintiff for a quarterly excise tax (not wages) by filing fraudulent 720 forms with no evidence whatsoever, has

---

[10] The Internal Revenue Code authorizes the United States to collect taxes by lien or levy "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand." See 26 U.S.C. § 6321 (authorizing the use of liens); 26 U.S.C. § 6331(a) (authorizing the use of levies). "Notwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." 26 U.S.C. § 6334(c). None of § 6334(a)'s exemptions apply here. A taxpayer's wages and bank accounts are subject to levy, 26 C.F.R. § 301.6331–1(a)(1), as are a taxpayer's Social Security benefits, see Acevedo v. Bank of Am., N.A., No. 4:13–CV–173, 2013 WL 1720967, at *2 (E.D.Mo. Apr. 22, 2013); Leining v. United States, No. 3:96-cv-992, 1996 WL 857913, at *2 (D. Conn. Dec. 30, 1996); United States v. Cleveland, Nos. 93 C 1767, 1994 WL 411376, at *3 (N.D. Ill. Aug. 3, 1994). A taxpayer's property is subject to lien as well. See 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person").

never provided any valid assessment, or served any notice and demand as required by law, this certainly does constitute multiple violations of title 26.

Pl.'s Resp. in Opp. at 2. Continuing, the Plaintiff argues:

> the defen[dant] operates on the false presumption (rather than the actual law) that wages in the private sector are treated as gross income. A careful reading of the entire statutes that are cited, Sec. 1, and 61, clearly establishes the fact that wages are excluded from gross income. This fact is in line with the Constitution, the Supreme Court, and the Congress. Secs. 6102 and 6151 have nothing at all to do with any requirement to file, or tax liability. Defense also ignores the fact that the IRS has used their powers of distraint against plaintiff to collect a quarterly 'Excise Tax', for which he is not liable.

Id. at 3. In his two-page Amended Response, the Plaintiff reiterates these same arguments:

> 1. Earned income in the private sector (wages) are not taxable under Subtitle A of Title 26.

> 2. The tax of Subtitle A is an excise tax on specified taxable activities.

> 3. The IRS has never provided any document stating that wages are taxable, but has instead created fraudulent excise tax returns under IRC 6020(b) in plaintiff's name and SS#.

> 4. Plaintiff has made every attempt at seeking an administrative remedy, to no avail.

> 5. Based on these fraudulent returns, the IRS has issued leins, levies, and withheld sums from plaintiff's wages in violation of plaintiff's 14th Amendment right to due process.

Pl.'s Am. Resp. in Opp. at 1, doc. 33.

The Plaintiff's arguments are difficult to follow, but it appears that his primary concern is the Defendant's assessment of taxes against him. This is unsurprising. In a previous filing with the Court, the Plaintiff stated that "the core issue of this case" is the Defendant's allegedly illegal assessment of taxes against him. Def.'s Resp. in Opp. at 2, doc. 12. Throughout these proceedings, the Plaintiff has maintained that he owes no taxes for the years between 1998 through 2012 because, in his view, wages are not taxable income.

In light of his Complaint in which he invokes 26 U.S.C. § 7433(a) as the basis for his claims, the Plaintiff's concern is misplaced. Section 7433 provides for a cause of action against the Defendant for certain unauthorized *collection* actions. 26 U.S.C. § 7433(a). Section 7433 "does not provide taxpayers a cause of action for an allegedly improper *assessment* of taxes." Romp v. United States, 96 F. App'x 978, 979–80 (6th Cir. 2004) (emphasis added) (collecting cases), abrogated by Hoogerheide v. I.R.S., 637 F.3d 634 (6th Cir. 2011). Therefore, a significant portion of the Plaintiff's arguments are irrelevant to the claims presently before the Court.

Here, to survive summary judgment on his § 7433 claim, the Plaintiff is obligated to present evidence demonstrating a genuine issue of material fact as to whether the Defendant, through its officers or employees, recklessly, intentionally, or negligently disregarded multiple provisions[11] of the Internal Revenue Code in its *collection* of taxes from him. The Plaintiff has asserted in various filings that the Defendant disregarded certain provisions of the Internal Revenue Code in its collections of taxes from him, but at no point does he identify admissible evidence that would support such a claim under § 7433. "It is well settled that the non-moving party must cite specific portions of the record in opposition to a motion for summary judgment, and that the court is not required to search the record for some piece of evidence which might stave off summary judgment." U.S. Structures, Inc. v. J.P. Structures, Inc., 130 F.3d 1185, 1191 (6th Cir. 1997). The Plaintiff has failed to cite specific portions of the record that demonstrate a genuine issue of material fact as to whether the Defendant violated § 7433. Therefore, the Defendant is entitled to summary judgment.

C.    *Wages Are Taxable as Income*

---

[11] As alleged in his Complaint, § 3402, § 6212, § 6320, § 6321, § 6330, § 6331, and § 7214 of the Internal Revenue Code.

To the extent that the Plaintiff challenges the Defendant's assessment of taxes against him, he argues that wages are not taxable income and that therefore he had no tax liability from 1998 through 2012. In Perkins v. Comm'r, 746 F.2d 1187 (6th Cir. 1984) (*per curiam*), the court of appeals addressed a plaintiff's arguments that (1) wages are not taxable as income and (2) the Sixteenth Amendment does not permit an imposition of tax on wages:

> These assertions are totally without merit. First, gross income means all income from whatever source derived including compensation for services. 26 U.S.C. sections 61(a) and 61(a)(1); Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955); Brushaber v. Union Pacific Railroad, 240 U.S. 1, 12 (1916); Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982) (wages received for services are taxable as income). Second, 26 U.S.C. section 61(a) is in full accordance with Congressional authority under the Sixteenth Amendment to the Constitution to impose taxes on income without apportionment among the states.

Perkins, 746 F.2d at 1188. Courts around the country have uniformly and repeatedly rejected such arguments as frivolous. See Kubon v. C.I.R., T.C. Memo 2011-41, 2011 WL 597990, at *4 n.3 (Feb. 15, 2011) (collecting cases rejecting argument that wages do not constitute taxable income).

Although sanctions are unwarranted at this time, the Court cautions the Plaintiff that advancing such arguments before other judicial bodies may lead to sanctions. As the Second Circuit has stated, the argument that wages are not taxable income "has been rejected so frequently that the very raising of it justifies the imposition of sanctions." Conner v. Comm'r of Internal Revenue, 770 F.2d 17, 19 (2d Cir. 1985). The Sixth Circuit has sanctioned petitioners who have raised similarly frivolous arguments on appeal. See, e.g., Boggs v. C.I.R., 569 F.3d 235, 238 (6th Cir. 2009); Sawukaytis v. Comm'r, 102 F. App'x. 29, 34–36 (6th Cir. 2004); Martin v. Comm'r, 756 F.2d 38, 40–41 (6th Cir. 1985); Perkins, 746 F.2d at 1188–89.[12]

---

[12] Moreover, the Internal Revenue Code provides that a Tax Court may require a taxpayer to pay the United States a penalty where the taxpayer institutes proceedings for the purposes of delay or where the taxpayer presents frivolous or groundless arguments. 26 U.S.C. § 6673(a)(1)(A)-(B).

**III.     Conclusion**

For the foregoing reasons, the Court GRANTS the Defendant's Motion for Summary

Judgment (doc. 28).

IT IS SO ORDERED.

S/ James L  Graham
James L. Graham
UNITED STATES DISTRICT JUDGE

Date:   May 5, 2014